In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **CLARENCE MYERS,** ) | Civil Action No. 9:05-1308-TLW-GCK |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF THE MAGISTRATE JUDGE** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. INTRODUCTION

This case is before the Court pursuant to Local Civil Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code Section 636(c). The plaintiff, Clarence Myers (the "Plaintiff" or "Claimant"), brought this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.[1]

## II. BACKGROUND TO THE CLAIM

Plaintiff was born in August 1, 1956, and was 48 years old at the time of the hearing on May 11, 2004. He has graduated from high school and worked in the past as a maintenance

---

[1] The Social Security Disability Insurance Program, established by Title II of the Act as amended, 42 U.S.C. § 401 *et seq.*, provides Disability Insurance Benefits ("DIB") to disabled persons who have contributed to the program while employed. The regulations for determining disability are set forth at 20 C.F.R. pt. 404.

supervisor for an apartment complex where he installed cabinets, laid tile, and performed plumbing work and general maintenance. Plaintiff allegedly suffers from a history of back and left side pain secondary to two bulging discs in his cervical spine, and he has been diagnosed with gastroesophageal reflux disease, dyspepsia, lower back pain and chronic bronchitis.

### III.  ADMINISTRATIVE PROCEEDINGS

Plaintiff's application for DIB was filed in August 2001, alleging he became disabled on March 2, 2001, due to two ruptured discs in his neck, a hiatal hernia, arthritis in his neck and shoulders, and numbness in his hands. (Tr. 163)  His application was denied initially in and upon reconsideration. Plaintiff requested a hearing, which was held before Administrative Law Judge D. F. Billett (the "ALJ"), on March 19, 2003, in Columbia, South Carolina. Testimony was offered by Plaintiff. Plaintiff was represented by an attorney, Stacey Thompson. (Tr. 34-54) The ALJ considered the case *de novo*, and on May 22, 2003, issued a decision finding the Plaintiff was not disabled because he could perform his past relevant work as a maintenance supervisor. (Tr. 106-111)

The Appeals Council vacated and remanded the ALJ's decision for another hearing and decision. (Tr. 138-141) A supplemental administrative hearing was held on May 11, 2004, before Administrative Law Judge Frederick W. Christian, in Columbia, South Carolina. (Tr. 55-100). Plaintiff again was represented by his attorney, Stacey Thompson. The Plaintiff and Robert Brabham, a vocational expert, offered testimony. On August 23, 2004, the ALJ issued a decision finding that Plaintiff was not disabled because he could perform a reduced range of light work and could perform other jobs existing in significant numbers in the national economy (Tr. 17-24). The Appeals Council declined Plaintiff's request to review the ALJ's decision,

thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff has exhausted his administrative remedies, the parties have briefed the case, and it is now ripe for judicial review under § 205(g) of the Act, 42 U.S.C. § 405(g).

## IV.  THE COMMISSIONER'S FINDINGS

In making her determination that the Plaintiff was not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has a combination of impairments considered "severe" based on the requirements in the Regulation 20 CFR 404.1520(b) and 416.920(b).

4. These medically determinable impairment do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5. The claimant's allegations regarding his limitations are less than fully credible for the reasons set forth in the body of the decision.

6. The claimant retains the residual functional capacity to perform work with restrictions that require: no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; alternate sitting and standing at the work station every 30 to 45 minutes; no prolonged standing, sitting, and/or walking; avoidance of heights or hazardous machinery; no climbing or balancing; no operation of automotive equipment; and no constant/repetitive use of both upper extremities for handling/gross manipulation.

7. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

8. The claimant is a "younger individual" (20 CFR § 404.1563)

9. The claimant has "a high school education" (20 CFR § 404.1564).

10. The claimant has no transferable skills (20 CFR § 404.1568).

11. The claimant has the residual functional capacity to perform a reduced range of light work (20 CFR §§ 404.967).

12. Although the claimant's exertional limitations do not allow him to perform the full range of sedentary work, using Medical-Vocational Guidelines as a framework for decision-making, there are a significant number of jobs in the national economy

      that he could perform.  Examples of such jobs include light, unskilled work as an usher, with 1,000 such jobs in the state economy and 71,000 nationally; and a firewatcher, with greater than 300 such jobs in the state economy and 12,000 nationally.

13.    The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f))

## V.  SCOPE OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's scope of review of the Commissioner's final decision is limited to:  (1) whether the decision of the Commissioner is supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *Pass v. Chater*, 65 F.3d 1200 (4th Cir. 1995); *Mickles v. Shalala*, 29 F.3d 918 (4th Cir. 1994); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Court's scope of review is specific and narrow.  It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence.  42 U.S.C. § 405(g); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Teague v. Califano*, 560 F.2d 615, 618 (4th Cir. 1977).  Such evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Shivey v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  It is the duty of the ALJ reviewing the case, and not the duty of the Court, to make findings of fact and resolve conflicts in the evidence.  *Hays*, 907 F.2d at 1456.  In reviewing for substantial evidence, the court does not weight conflicting evidence, make credibility determinations, or

substitute its judgment for that of the agency. *Id.* If substantial evidence supports the Commissioner's decision that a claimant is not disabled, the decision must be affirmed. *Blalock,* 483 F.2d at 775.

Nevertheless, this deferential standard of review does not mean that "the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F2d. 278, 279 (4th Cir. 1969). The court also must determine whether the Commissioner's decision complies with applicable law. *Myers v. Califano*, 611 F.2d 980 (4th Cir. 1982). Therefore, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Agency's] findings, and that [the] conclusion is rational. *Vitek v. Finch*, 438 F.2d 1157, 1157-1158 (4th Cir. 1971) (citations omitted). "A factual finding by an ALJ is not binding if it has been reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "Where the [Commissioner's] determination is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing'" pursuant to Section 405(g). *Vitek*, 438 F.2d at 1158 (citations omitted); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

## VI.  THE APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason
> of any medically determinable physical or mental impairment
> which can expected to result in death or which has lasted or can be
> expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions that are to be asked during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (2004); *Heckler v. Campbell*, 461 U.S. 458 (1983); *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981). The five questions are:

(1) whether the claimant is engaged in substantial gainful activity as defined in Sections 404.1510, 404.1571 et seq. If such determination is affirmative, no disability will be found. 20 C.F.R. § 404.1520.

(2) whether the claimant's impairments meet the durational requirement (Section 404.1509), and are severe (Section 404.1520(c)). If they do not meet those requirements, no disability will be found. 20 C.F.R. §§ 404.1509, 404.1520(c).

(3) whether the claimant has an impairment which meets or medically equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1) (the "Listing of Impairments") 20 C.F.R. § 404.1520(d). If one of the listings is met, disability will be found without consideration of age, education or work experience. 20 C.F.R. § 404.1520(d).

(4) whether the claimant has an impairment which prevents past relevant work. 20 C.F.R. § 404.1520(e).

(5) whether, in light of vocational factors such as age, education, work experience and RFC, the claimant is capable of other work in the national economy. The claimant is entitled to disability only if the answer is "no." 20 C.F.R.§ 404.1520(f).

An individual may be determined not disabled at any step if found to be: gainfully employed, not severely impaired, not impaired under the Listing of Impairments (20 C.F.R. Pt. 404, Subpart P, App. 1), or capable of returning to former work. In such a case, further inquiry is unnecessary. If, however, the claimant makes a showing at Step Four that return to past relevant work is not possible, the burden shifts to the Commissioner to come forward with evidence that the claimant can perform alternative work and that such work exists in the national economy.

*English v. Shalala*, 10 F.3d 1080 (4th Cir. 1993); *Harper v. Bowen*, 854 F.2d 678 (4th Cir. 1988); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987).  The Commissioner may meet this burden by relying on the Medical-Vocational Guidelines (the "Grids") or by calling a vocational expert to testify.  20 C.F.R. § 404.1566.  The Commissioner must prove both the claimant's capacity and the job's existence.  *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir.1983).

## VII.  ANALYSIS OF THE ALJ'S DECISION

At the first step of the sequential evaluation process, the ALJ found the Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability.  (Tr. 23, Finding 2)  With respect to Step Two, the ALJ found that Plaintiff does have an impairment or combination of impairments which were considered "severe" impairments based upon the requirements in the Regulations.  (Tr. 23, Finding 3)  At the third step of the evaluation process, the ALJ found that Plaintiff's combination of impairments did not meet or medically equal one of the listed impairments in the Listing of Impairments, 20 C.F.R. Pt. 404,. Subpt. P. App. 1.  (Tr. 23, Finding 4)  At the fourth step, the ALJ found that Plaintiff's subjective complaints were less than fully credible (Tr. 20-21; Tr. 23, Finding 5), he retained the residual functional capacity to perform a reduced range of light work (Tr. 21; Tr. 23, Finding 6), and could not perform his past relevant work.  (Tr. 21; Tr. 23, Finding 7)  At the fifth step, with the assistance of a vocational expert, the ALJ found that Plaintiff could perform unskilled light jobs as an usher and fire watcher, and that these jobs existed in significant numbers in the national economy.  (Tr. 22; Tr. 23, Finding 12)  Therefore, the ALJ concluded that Plaintiff was not disabled.  (Tr. 22; Tr. 24, Finding 13)

## VIII.  PLAINTIFF'S OBJECTIONS

The Plaintiff raises two objections in his Brief:

I.      The ALJ erred in determining that Mr. Myers is capable of performing light work, which is in direct contradiction with the medical opinion of Dr. William Crigler regarding Mr. Myers' exertional limitations.

II.     The ALJ erred in disregarding Mr. Myers' subjective complaints of disabling pain, particularly in light of his substantial work history.

## IX.  DISCUSSION

**1.      The ALJ erred in determining that Mr. Myers is capable of performing light work, which is in direct contradiction with the medical opinion of Dr. William Crigler regarding Mr. Myers' exertional limitations.**

Plaintiff argues the ALJ's finding that Plaintiff could perform a reduced range of light[2] work is inconsistent with Dr. Crigler's findings that Plaintiff could stand and/or walk for "***at least** 2 hours in an 8-hour workday*," had to periodically alternate sitting and standing, and was limited in fingering (fine manipulation).  (Pl.'s Br. 3-4; *Compare* Tr. 21; Tr. 23, Findings 6 & 11 *with* Tr. 290-92) (emphasis added).

The Regulations provide that it is the ALJ's responsibility to assess residual functional capacity.[3]  The ALJ's residual functional capacity finding is not inconsistent with Dr. Crigler's assessment.  First, as the Commissioner correctly points out, Plaintiff imprecisely quotes Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6 (S.S.A. 1983) when he quotes it for the

---

[2]     "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

[3]     *See* 20 C.F.R. §§ 404.1527(e)(2) (the final responsibility for deciding issues such as residual functional capacity is reserved for the ALJ), 404.1546(c) (the ALJ is responsible for assessing residual functional capacity); Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2 (S.S.A. 1996) ("RFC is assessed by adjudicators at each level of the administrative review process based on all of the relevant evidence in the case record . . . .").

proposition that "light work requires standing for a total of approximately 6 hours out of an 8 hour workday, with intermittent sitting during the remainder of the day." (Pl.'s Br. 4). More precisely, the Ruling states that "the *full* range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."[4] In the present case, the ALJ found that Plaintiff could only perform a *reduced* range of light work as he had to alternate between sitting and standing at the work station every 30-45 minutes. (Tr. 21; Tr. 23, Findings 6 & 11)  In other words, with this sit/stand option, Plaintiff would have to stand for 3½-3¾ hours out of an 8-hour workday.[5] This standing requirement is, in fact, consistent with Dr. Crigler's opinion that Plaintiff could stand and/or walk for at least two hours in an eight-hour workday. (Tr. 290)  Moreover, in this instance, where a claimant is unable to perform both the full range sitting requirements of sedentary[6] work and the full range standing or walking requirements of light work, SSR 83-12 directs that a vocational expert should be consulted,[7] which is exactly what the ALJ did.  The ALJ asked the vocational expert a hypothetical question which included Plaintiff's vocational factors and residual functional capacity. (Tr. 91-92)  The vocational expert testified that the hypothetical individual could perform the unskilled light jobs as an usher (1,000 jobs locally and 71,000 jobs nationally) and fire watcher (300 jobs locally and 12, 000 jobs

---

[4] SSR 83-10, at *6 (emphasis added).

[5] This calculation takes into account usual rest breaks of a half-hour lunch and two fifteen minute breaks.

[6] The full range of sedentary work generally requires sitting for a total of six hours out of an eight hour workday.  *See* SSR 96-9p, 1996 WL 374185, at *3 (S.S.A. 1996); SSR 83-10, 1983 WL 31251, at *5 (S.S.A. 1983).

[7] *See* 1983 WL 31253, at *4 (S.S.A. 1983).

nationally).  (Tr. 94)  The ALJ accepted the vocational expert testimony.  (Tr. 22; Tr. 23, Finding 12).

Finally, Dr. Crigler's limitation on fingering (fine manipulation) is not inconsistent with light work because many unskilled light jobs "do not require use of the fingers for fine activities to the extent required in much sedentary work."  SSR 83-10, 1983 WL 31251, at *6 (S.S.A. 1983).  The ALJ's residual functional capacity assessment is supported by substantial evidence and will be upheld by the court.

### 2. The ALJ erred in disregarding Mr. Myers' subjective complaints of disabling pain, particularly in light of his substantial work history.

The ALJ acknowledged Plaintiff's various subjective complaints (Tr. 20-21) but the ALJ is not required to accept these allegations without question.  *See Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996).  When determining the credibility of Plaintiff's subjective complaints, the ALJ properly considered all of the medical and non-medical evidence.  *Id.* at 595; *see Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986); 20 C.F.R. § 404.1 529.  Based on his evaluation of all of the evidence, the ALJ found that Plaintiff's subjective complaints were less than fully credible.  (Tr. 21; Tr. 23, Finding 5)  Because this credibility determination was supported by substantial evidence, the Court must defer to it and not substitute its judgment for that of the ALJ.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

The ALJ properly considered all the medical evidence in assessing Plaintiff's subjective complaints.  (Tr. 19-21)  "[P]ain is not disabling *per se*, and subjective evidence of pain," or any other symptom, "cannot take precedence over objective medical evidence or the lack thereof." *Craig*, 76 F.3d at 592 (citation omitted).  The ALJ discussed the treatment notes of Drs. Smoak,

Narayan, and Ambroziak (Tr. 19), as well as the consultative examinations performed by Drs. Wannamaker, Marzluff, and Crigler. (Tr. 20). The only assessments of Plaintiff's functioning were offered by Ms. Welch, a nurse, Dr. Crigler, an examining physician, and Drs. Schofield and Lewis, the nonexamining State agency physicians. All of these assessments were consistent with the ALJ's finding of residual functional capacity and do not conflict with the ALJ's determination that Plaintiff was not wholly credible. For example, in March 2001, Ms. Welch indicated that Plaintiff was impaired from performing his job duties as a maintenance supervisor. (Tr. 227) The ALJ did not dispute this conclusory statement, and, in fact, found that Plaintiff had the limitations discussed above and could not perform his past relevant work as a maintenance supervisor. (Tr. 21; Tr. 23 Findings 6, 7 & 11) In addition, as discussed above, Dr. Crigler's assessment likewise supported the ALJ's residual functional capacity assessment. As an examining physician, Dr. Crigler's opinion supported the ALJ's finding that Plaintiff could perform a reduced range of light work despite his complaints of disabling pain. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (the findings and opinions of examining physicians constitute persuasive evidence in support of the ALJ's decision). Finally, Drs. Schofield and Lewis opined that Plaintiff could perform medium work. (Tr. 257, 259-67) The ALJ stated that their opinions "supported" his conclusion that Plaintiff was not disabled. (Tr. 22) The court agrees that the opinions of Drs. Schofield and Lewis provide substantial support for the ALJ's decision.[8]

---

[8] *See* 20 C.F.R. § 404.1527(f); SSR 96-6p, 1996 WL 374180, at *1 (S.S.A. 1996) ("Findings of fact made by State agency . . . [physicians and psychological consultants] . . . regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the [ALJ] and Appeals Council level of administrative review."); *see also Perales*, 402 U.S. at 408 (holding that the use of a nonexamining medical expert is proper).

As the ALJ correctly noted, Plaintiff's claim that his symptoms were so severe as to be disabling was undermined by the non-medical evidence in the record.  Contrary to Plaintiff's argument (Pl.'s Br. 5), the ALJ properly considered Plaintiff's daily activities in assessing the credibility of his complaints.  (Tr. 20)  Plaintiff indicated that he vacuumed, mowed the lawn, could walk for three blocks and went fishing in his brother's pond.  (Tr. 77-78, 82-83, 279)  Although this evidence of Plaintiff's activities may not alone have been determinative on the issue of disability, in conjunction with other evidence in the record, it provided significant support for the conclusion that Plaintiff's subjective complaints were not totally credible.  *See, e.g., Craig*, 76 F.3d at 594 (noting the factors to be considered in the credibility process, including evaluation of Plaintiff's activities); *Mickles*, 29 F.3d at 921 (stating that the only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life).

The ALJ also noted that Plaintiff did not receive any medical treatment between August 2002 and January 2004, despite his complaints of disabling symptoms since March 2001.  (Tr. 19)  This gap in treatment detracted from the credibility of his complaints.  *See Mickles*, 29 F.3d at 921 (Claimant had not seen a doctor for over a year for her supposedly constant joint pain, and had made only one trip to the emergency room for her tension headaches.); *Hays*, 907 F.2d at 1457 (it was found to be significant that the claimant was not receiving ongoing treatment for any of the combination of allegedly disabling impairments.)

The ALJ also properly considered Plaintiff's testimony about side effects of his medications, which caused drowsiness.  (Tr. 20-21; see Tr. 72-74 - testimony)  The ALJ, however, properly declined to give this testimony great weight because Plaintiff never reported

this complaint to any of his treating or examining physicians, with the exception of Dr. Crigler, who saw Plaintiff two days <u>after</u> the administrative hearing as a consultative examiner  (*Compare* Tr. 55 *with* Tr. 285)

Finally, Plaintiff's argument that the ALJ erred by not considering his 20 year work history as a maintenance supervisor in assessing the credibility of his subjective complaints is without merit.  (Pl.'s Br. 6)  Plaintiff's reliance on *Vitek v. Finch*[9] and *Steffanick v. Heckler*[10] is misplaced as those cases were remanded on grounds other than failure to consider a long work history.  The Third Circuit in *Dobrowolsky v. Califano*,[11] also remanded the case on grounds other than the failure to consider a long work history, but went on to state that the claimant's subjective testimony was "***entitled*** to substantial credibility" due to his long work history.[12]  However, this is a misstatement of law because if that statement were true, then any claimant with a long work history would be "entitled" to benefits as their complaints would be "entitled to substantial credibility."  Accordingly, a long work history is only one factor to consider in assessing the credibility of subjective complaints.  Here, the ALJ did not recite the fact that Plaintiff had a long work history.  However, as discussed above, he properly relied on other substantial evidence of record in finding that Plaintiff's subjective complaints were less than fully credible.

Because the ALJ considered all of the medical and non-medical evidence in finding that Plaintiff's subjective complaints were not fully credible, substantial evidence supports this

---

[9]   438 F.2d 1157 (4th Cir. 1971).

[10]  570 F.Supp. 420 (D.Md. 1983)

[11]  606 F.2d 403 (1979)

[12]  *Id.*, at 409 (emphasis added).

finding. (Tr. 16-17; Tr. 22, Finding 5) *See Craig*, 76 F.3d at 595; *Mickles*, 29 F.3d at 921; *Gross*, 785 F.2d at 1166; 20 C.F.R. § 404.1529.

### **RECOMMENDATION**

Based upon the foregoing, it is recommended that the Commissioner's decision **be affirmed.**

S/George C. Kosko  
United States Magistrate Judge

June 30, 2006

Charleston, South Carolina