IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| CLARENCE MYERS, | ) | |
| | ) | Civil Action No. 9:05-1308-TLW |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| JOANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  This is a social security case. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Commissioner's decision be affirmed. The Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

  The Magistrate Judge filed his Report on June 30, 2006. On July 10, 2006, Plaintiff filed objections to the report, to which Defendant replied on July 18, 2006. The Court will discuss Plaintiff's objections below.

  First, Plaintiff objects to the recommendation of the Magistrate Judge that this Court find there is substantial evidence to support the Administrative Law Judge's (ALJ) finding that Plaintiff

is capable of light work.  Plaintiff relies on Social Security Ruling 83-10 for his contention that he cannot perform light work because "light work" requires standing and walking for a total of approximately six hours out of an eight hour work day, and Dr. Crigler opined that Plaintiff would need to alternate between sitting and standing throughout the day.

However, as noted by the Magistrate Judge, Plaintiff misses the distinction between Social Security Ruling 83-10 and the finding of the ALJ.  The definition of light work in Social Security Ruling 83-10 states that "the <u>full</u> <u>range</u> of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  (Emphasis added).  The ALJ qualifies his finding by stating that Plaintiff can perform a <u>reduced</u> <u>range</u> of light work.  This finding is supported by substantial evidence in the record; namely, that Dr. Crigler opined that Plaintiff could stand or walk at least two hours in an eight-hour work day, and that the vocational expert testified that jobs existed in the local and national economy within that reduced range of light work.

As noted by the Magistrate Judge, this Court's scope of review is specific and narrow.  As long as substantial evidence exists to support the finding of the ALJ, that finding must be affirmed.  42 U.S.C. § 405(g); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).  Accordingly, the ALJ's finding that Plaintiff can perform a reduced range of light work is affirmed.

Second, Plaintiff objects to the Magistrate Judge's recommendation that this Court find there is substantial evidence to support the ALJ's finding that Plaintiff's subjective complaints of pain were less than fully credible.   Plaintiff argues that the ALJ should have given more weight to his substantial work history.  Plaintiff cites three cases to support this contention: <u>Vitek v. Finch</u>, 438 F.2d 1157 (4th Cir. 1971); <u>Steffanick v. Heckler</u>, 570 F.Supp. 420 (D.Md. 1983); and <u>Dobrowolsky v. Califano</u>, 606 F.2d 403 (3rd Cir. 1979).  However, these cases are distinguishable from the present case.  In each of those cases, the claimant's treating physicians opined that they were totally and

permanently disabled. See Vitek, 438 F.2d at 1158 (noting that treating physician stated that applicant was unable to continue his previous job or assume any other job); Steffanick, 570 F.Supp. at 423 (noting that treating physician opined that applicant was totally and permanently disabled); Dobrowolsky, 606 F.2d at 405 (noting that treating physician stated that applicant was unable to work). No such facts exist in the present case. In addition, the courts in these cases remanded the claims on grounds other than failure to consider a long work history.

As is thoroughly set forth in the Magistrate Judge's report, even though the ALJ did not recite the fact that Plaintiff had a long work history, he properly relied on other substantial evidence in the record in finding that Plaintiff's subjective complaints were less than fully credible. As such, Plaintiff's claim that the ALJ erred by not giving his work history substantial credibility is without merit.

After a thorough review of the Report and record in accordance with the standard set forth above, and in light of the above analysis, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. It is the judgment of this Court that the decision of the Commissioner be **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Terry L. Wooten  
TERRY L. WOOTEN  
UNITED STATES DISTRICT JUDGE

August 9, 2006  
Florence, South Carolina